IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
          APPELLEE,          )
                             )     No. 03-C-01-9702-CC-00051
                             )
                             )     Blount County
v.                           )
                             )     D.  Kelly Thomas, Jr., Judge
                             )
                             )     (Nonsupport)
RONALD K. KELLER,            )
                             )
          APPELLANT.         )


FOR THE APPELLANT:

Raymond Mack Garner
District Public Defender
419 High Street
Maryville, TN 37804

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Michael L. Flynn
District Attorney General
Blount County Courthouse
363 Court Street
Maryville, TN 37804-5906

Edward P. Bailey, Jr.
Assistant District Attorney General
Blount County Courthouse
363 Court Street
Maryville, TN 37804-5906


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Ronald K. Keller (defendant), was convicted of nonsupport, a Class A misdemeanor, following a bench trial. The trial court sentenced the defendant to confinement for eleven months and twenty-nine days in the Blount County Jail. In this court, the defendant contends (a) the evidence contained in the record is insufficient, as a matter of law, to support his conviction because the State of Tennessee failed to prove beyond a reasonable doubt that he had sufficient funds to pay child support when the support was due; and (b) the record establishes he honestly believed his obligation to pay child support had been terminated because three of his children had been adopted by their stepfather. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The indictment charged the defendant with nonsupport between December 10, 1991 and March 31, 1992. It is alleged the arrearage of the defendant's obligation to support his children totaled $6,917.86.

The defendant and Gwen Keller Beem[1] were married for approximately twenty years before their marriage was dissolved by a decree of divorce in June of 1984. Four children were born to this union. The oldest daughter had reached her majority prior to the time alleged in the indictment. The decree of divorce and a subsequent modification of the decree required the defendant to pay child support.

The defendant met his child support obligation pursuant to the decree for approximately one and one-half years. Thereafter, the defendant failed to comply with the terms of the decree. The defendant was subsequently cited for criminal contempt. On November 14, 1989, the circuit court, exercising civil jurisdiction, found the defendant guilty of criminal contempt and ordered the defendant to serve ten days in the Blount County Jail. The court stated if the defendant paid one-half of his arrearage, the sentence would be suspended. The defendant made a payment of $1,500 to help liquidate the arrearage.

---

[1]Mrs. Beem remarried in February of 1990.

The defendant made no monthly payments during 1990 and 1991. He did pay $2,000 in child support towards the end of 1990. When the defendant returned to Blount County, he was arrested by a law enforcement officer pursuant to an order of the circuit court. The court required the defendant to post a $2,500 cash bond before he could be released from custody. When the defendant failed to appear, the court declared a forfeiture and ordered the cash bond to be used to satisfy a portion of the child support arrearage. The state introduced records to establish the amount of the arrearage the defendant owed. These records established the defendant had not been paying child support as ordered by the civil court's decree.

Mrs. Beem's husband desired to adopt the three children who had not reached their majority. The suit for adoption was filed. Since Mrs. Beem did not know how to reach the defendant to obtain his consent for the adoption, she discussed the matter with the defendant's mother. She explained that, if he would consent to the adoption, his obligation to pay child support in the future would be extinguished but not the arrearage that had accumulated. The defendant never contacted Mrs. Beem about the adoption of his children.

The oldest child, who had reached her majority, received sporadic telephone calls from the defendant. She discussed the adoption issue with him. According to the defendant, his feelings were hurt when he learned the children's stepfather wanted to adopt his children. The adoption suit was ultimately dismissed.

The defendant testified in support of his defense. He stated, "I understood . . . the children had been adopted." According to the defendant, someone who worked at the courthouse told his mother or his father the suit for adoption had been filed, his consent would not be necessary, and the adoption could be granted without his consent. He did not know who provided this information to his family. He testified he was told the adoption suit was filed in June of 1990. He received this information between June and September of 1990. When asked when he realized his support obligation had not been terminated by the adoption of his children, he stated this fact was apparent when he was arrested for failure to pay child support. He admitted he did not raise the issue of adoption following his arrest. Nor did he attempt to determine whether a decree of adoption had been

3

entered, or, if not, determine the amount of child support he owed. The trial court found the defendant was employed "almost continuously" during the time frame alleged in the indictment.

During direct examination, the defendant testified, "I could have paid some [child support]. I don't know whether I could have paid it all or not. If I had thought, I could have paid some on it."

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced during the trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973) our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of

4

fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

The evidence contained in the record is clearly sufficient to support a finding by a rational trier of fact that the defendant was guilty of nonsupport beyond a reasonable doubt. Tenn. R. App. P. 13(e). The record establishes the defendant had a legal duty of support to his children pursuant to the divorce decree and the subsequent modification of the decree. The evidence is clear the defendant had the ability to pay child support during this period of time, and he deliberately failed to satisfy his legal obligation to support the children. He attempts to justify his actions by claiming he "assumed" the children had been adopted. The record is clear the children were not adopted by Beem's husband. The suit for adoption was ultimately dismissed.

The defendant did not have the right to "assume" the children were adopted based upon information from an unknown source that a suit for adoption had been filed and his consent was not required. Moreover, when he had an opportunity to assert the fact the children had been adopted and his obligation to support the children had been extinguished, he failed to do so. He made no effort to determine the validity of his assumption by checking with the clerk's office. Nor did he make an effort to determine the amount of his arrearage while he had the opportunity to do so. His explanation for these failures: he just did not know why he failed in this regard.

The trial court did not believe the defendant. The court found the defendant's credibility was "somewhat suspect." Furthermore, Mrs. Beem never told the defendant's relatives she could proceed in the adoption matter without his consent. To the contrary, she told the defendant's relatives she needed the defendant's consent for her husband to adopt the children, and, if he consented, his obligation to support the children would be extinguished. No one ever told the defendant a decree had been entered granting the adoption.

5

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
CURWOOD WITT, JUDGE